## Dewalt v. Halter

*John W. Frommer*, for plaintiff.
*Robert B. Armour*, for defendant.

DOWLING, *J.*, October 16, 1990 — We deal once again with the tort of intentional infliction of emotional distress, the status of which in Pennsylvania is discussed at length in our opinion of October 12, 1988. See *Ford v. Sparotin,* 109 Dauphin Rep. 52.

The setting is somewhat unusual, involving as it does a civil action for the crime of rape. Plaintiff was a patron in defendant's Roma Cafe, and it is alleged

that after she had gone to the ladies room on crutches (her left leg being immobilized), another patron, one Bernie Gearhart, entered and raped her. It is averred that defendant, through its employees, served excessive quantities of alcohol to Gearhart, and that they knew or should have known he had entered the ladies room; yet took no action to prevent him from doing so or to remove him. It is also stated that after the rape one of defendant's employees made certain statements and placed a piece of gum in front of the plaintiff.

Defendant contends that these allegations do not rise to the level required for a claim of intentional infliction of emotional distress. The gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tort-feasor. Section 46(1) of the Restatement (Second) of Torts provides as follows:

"§46. *Outrageous Conduct Causing Severe Emotional Distress*

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

The availability of recovery under section 46 is highly circumscribed. The tortious conduct contemplated by the drafters of section 46 is described in their commentary:

"(d) *Extreme and outrageous conduct.* The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for

another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' '' See *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988 (1987), and *Ford v. Sparotin, supra.*

Do the facts alleged rise to the level of extreme and outrageous conduct? Accepting, as we must, the pleading averments in the preliminary objections as being correct, we have a situation where the defendant's employees allowed a drunken man to enter the ladies room after the plaintiff had gone in and did nothing to prevent his entrance or to secure his removal. In addition, we have the intriguing further allegation that one of defendant's employees made "certain statements and placed a piece of chewing gum in front of the plaintiff after she had been raped, causing severe embarrassment and humiliation to the plaintiff." (paragraph 25) We do not understand the significance of placing a piece of gum in front of the victim, and there is no hint as to what was said to her. No charge was made that defendant's employees knew or should have known of the assailant's intentions when he entered the ladies room. It might be concluded that in his intoxicated state he was mistaken about his whereabouts; or he may have thought he had some right to invade Ms. Dewalt's privacy.

Mr. Gearhart's conduct was beyond doubt offensive, insulting, repugnant and obnoxious, but does it rise to the level of "extreme and outrageous conduct"? We think not.

This, of course, is only one count in a multi-count complaint, including claims for negligent infliction of emotional distress, punitive damages, and other charges of negligence. At this time these charges remain to be proven and accounted for.

Accordingly, we enter the following

## ORDER

And now, October 16, 1990, defendant's preliminary objection in the nature of a motion to strike count III — intentional infliction of emotional distress — is granted.